UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| PETS ALONE SANCTUARY OF LINCOLN COUNTY, <br><br>PLAINTIFFS,<br><br> v.<br><br> MIDWEST FAMILY MUTUAL INSURANCE COMPANY<br><br> DEFENDANTS. | Civil Action No. 4:22-CV-00775-PLC<br><br>*Removed from:*<br><br>THE CIRCUIT COURT OF<br>ST. LOUIS COUNTY MISSOURI<br><br>CASE NO. 22SL-CC02987 |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

COMES NOW Defendant Midwest Family Mutual Insurance Company ("MFM"), and in support of its Motion to Dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 4.01, hereby submits the following Memorandum of Law in Support of Defendant's Motion to Dismiss:

**BACKGROUND**

Defendant issued an insurance policy to Plaintiff, Pets Alone Sanctuary of Lincoln County ("PALS"), which included certain liability insurance (the "Policy") pursuant to the terms, conditions, exclusions and other provisions in the insurance policy. (Pet. ¶¶ 3-8). PALS instituted a lawsuit in Lincoln County ("Underlying Lawsuit") and the defendants in such lawsuit asserted counterclaims against PALS ("Counterclaims"). (Pet. ¶¶ 9-16). MFM retained Evans & Dixon, LLC, under a reservation of rights, to defend PALS against the counterclaims. (Pet. ¶ 21).

The trial for the Counterclaims was scheduled for September 21, 2021. (Pet. ¶ 24). The night before the trial, the attorneys for Evans & Dixon learned new information from PALS that raised a concern that Evans & Dixon may not be able to ethically continue to represent PALS, and notified PALS and MFM of this late that night. (Pet. ¶¶ 26-27). However, MFM did not

1

withdraw its defense and Evans and Dixon did not ever actually withdraw its representation or move to withdraw, and a settlement was ultimately reached to resolve the Counterclaims. (Pet. ¶¶ 29, 33). In order to resolve the Counterclaims, "PALS agreed to use its own funds to settle the case", in addition to the authority MFM had provided. (Pet. ¶ 34).

PALS filed the Petition asserting: (1) "MFM breached the terms of the Policy including, but not limited to, failing to provide a full and complete defense to the Counterclaims asserted in the litigation" (Pet. ¶ 35); and (2) "MFM breached its duty to act in good faith regarding settlement of the Counterclaims by . . ." (Pet. ¶ 36). However, while Plaintiff attempts to assert MFM failed to provide a full and complete defense, Plaintiff fails to make such claim for breach of contract because MFM never withdrew its defense and counsel retained by MFM never withdrew either. Additionally, although Plaintiff seems to attempt to assert a claim for bad faith refusal to settle, a settlement was ultimately reached, which Plaintiff agreed to. Therefore, as detailed herein, Plaintiff fails to state any claim for which relief can be granted.

## **STANDARD**

For cases that have been removed from state court to federal court, the Federal Rules of Civil Procedure and the federal pleading standard apply. *Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 938 (8th Cir. 2012), (citing *Council Tower Ass'n v. Axis Specialty Ins. Co.*, 630 F.3d 725, 730 (8th Cir. 2011)); *Wise v. HSBC Mortg. Corp.*, No. 4:15-cv-911, 2015 U.S.Dist. LEXIS 150857 at *8, 2015 WL 6796955 (E.D.Mo. Nov. 6, 2015), (applying the "*Twonbly*" standard, from *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), to a motion to dismiss filed after removal). Therefore, the standard for this Motion to dismiss is governed by Federal Rules, which have most recently been outlined by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L.

Ed. 2d 868 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), often now referred to as the "*Ashcroft/Twombly* standard".

To survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012), (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). Therefore, if the facts plead in Plaintiff's Petition, even if accepted as true, do not support the asserted claim for relief or meet all elements of the asserted claim, the Petition must be dismissed.

"Ordinarily, only the facts alleged in the complaint are considered in ruling on a 12(b)(6) motion. However, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint." *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). Therefore, because Plaintiff attaches the Policy to the Petition, the Policy may also be considered in deciding this Motion to Dismiss.

### ARGUMENTS

While Plaintiff's Petition does not contain counts separating and describing Plaintiff's separate Claims, the Petition only contains two assertions that can be interpreted to assert a claim for relief, which are: (1) that "MFM breached the terms of the Policy" (breach of contract) (Pet. ₱ 35); and (2) that "MFM breached its duty to act in good faith regarding settlement" (bad faith) (Pet. ₱ 36).

**A. Claim for Breach of Contract**

Paragraph 35 of the Petition alleges:

35. "MFM breached the terms of the Policy including, but not limited to, failing to provide a full and complete defense to the Counterclaims asserted in the litigation."

(Pet. ₱ 35).

To plead a claim for breach of contract, the Plaintiff must plead and ultimately prove "(1) the existence of a valid contract; (2) the rights and obligations of each party; (3) a breach; and (4) damages." *Kieffer v. Icaza*, 376 S.W.3d 653, 657 (Mo. 2012). In this case, Plaintiff claims Defendant breached its duty to defend Plaintiff as established by the Policy. (Pet. ⁋ 35). As Plaintiff recognizes, in Paragraph 17, the Policy states: MFM

> [MFM] has the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply.

(Pet. ⁋ 17, quoting Policy).

While the typical issue in a claim regarding the duty to defend is whether or not there is a duty to defend under the policy given the underlying allegations, this is not the issue in this Motion. The issue in this Motion is whether the facts plead by Plaintiff, even if accepted as true, establish the elements of a breach of the Policy; specifically, whether Plaintiffs have plead a breach of the duty to defend.

While Plaintiff alleges Defendant breached the Policy by "failing to provide a full and complete defense", the allegations in the Petition admit MFM retained counsel to defend Plaintiff (Pet. ⁋ 21) and that retained counsel "continued to represent and advise PALS during settlement negotiations" (Pet. ⁋ 29), up through and past the time settlement was ultimately reached (Pet. ⁋ 33-34). Specifically, the Petition states:

> 18. MFM acknowledge the Policy provided coverage to PALS for the Counterclaim.
>
> …
>
> 21. MFM hired the law firm of Evans & Dixon and one of its attorneys, Benjamin Fletcher, to represent PALS, Cherry, Raeker-Bickel, DiStefano, Sloan, and Turley in defending the Counterclaims.
>
> …

4

24. Trial of the Counterclaims against PALS was set for September 21, 2021.

…

28. On the morning of trail, September 21, 2021, the parties entered into settlement negotiations.

29. . . . Evans & Dixon, Fletcher, and Berwin continued to represent and advise PALS during the settlement negotiations.

…

(Pet. ¶¶ 18, 21, 24, 28, 29).

Because Plaintiff's Petition admits the counsel retained by Defendant "continued to represent and advise PALS during the settlement negotiations (Pet. ¶ 29), and ultimately reached a settlement of the Counterclaims against Plaintiff in the Underlying Suit (Pet. ¶¶ 33-34), Plaintiff has failed to allege Defendant breached its duty to defend. Defendant cannot have breached its duty to defend Plaintiff if Defendant never withdrew its defense and the counsel retained by Defendant continued to defend and to "represent and advise PALS during the settlement negotiations", in which a settlement was ultimately reached. Therefore, Plaintiff's claim for breach of contract must be dismissed.

### B. Claim for Bad Faith Failure to Settle

Plaintiff's other claim, is that Defendant acted in bad faith in failing to settle also fails because the facts plead by Plaintiff defeat the claim. Plaintiff asserts "MFM breached its duty to act in good faith regarding settlement". (Pet. ¶ 36).

In Missouri, "a bad faith refusal to settle action will lie when a liability insurer: (1) reserves the exclusive right to contest or settle any claim; (2) prohibits the insured from voluntarily assuming any liability or settling any claims without consent; and (3) is guilty of fraud or bad faith in refusing to settle a claim within the limits of the policy". *Scottsdale Ins. Co. v. Addison Ins. Co.*, 448 S.W.3d 818, 827 (Mo. 2014). "'The insurance company incurs liability

5

exposure' . . . 'when the company refuses to settle a claim within the policy limits and the insured is subjected to a judgment in excess of the policy limits as a result of the company's bad faith in disregarding the interests of its insured in hopes of escaping its responsibility under the liability policy.'" *Shobe v. Kelly*, 279 S.W.3d 203, 210 (Mo.App.W.D. 2009), (quoting *Overcast v. Billings Mut. Ins. Co.*, 11 S.W.3d 62, 67-68 (Mo. banc 2000).

In this case, Plaintiff does not allege it was exposed to a judgment or settlement in excess of the limits of the Policy. Page 7 of each of Plaintiff's exhibits (A, B and C) to the Petition (the Declarations pages for the Policy) show there was a liability limit of $2,000,000 for each of the policies attached and referenced by Plaintiff in the Petition.[1] (Pet. Ex. A, p7; Pet. Ex. B p.7; Pet. Ex. C p. 7). Plaintiff alleges Defendant MFM provided limited settlement authority and would not increase such authority. (Pet. ¶ 31). Plaintiff alleges the Counterclaimant made a "bottom-line settlement" demand in an amount greater than MFM's authority (Pet. ¶ 32), and that "PALS agreed to use its own funds to settle the case" (Pet. ¶ 34) by paying the difference between the demand and the authority provided by Defendant (Pet. ¶ 33).

Plaintiff's claim for bad faith in refusing to settle fails for numerous reasons. First, according to Plaintiff's allegations, MFM did not prohibit Plaintiff from "voluntarily assuming any liability or settling any claim". In fact, Plaintiff decided to offer additional funds to bridge the gap between the authority provided by Defendant and the current demand of the Counterclaimant. Therefore, the second element, *supra*, is not met.

Additionally, Plaintiff does not allege the settlement demand was within the policy

---

[1] "Ordinarily, only the facts alleged in the complaint are considered in ruling on a 12(b)(6) motion. However, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint." Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).

limits.[2] More importantly, Plaintiff does not allege the ultimate settlement exceeded the policy limits of the Policy. Plaintiff cannot maintain a bad faith refusal to settle claim if Plaintiff was not exposed to a judgment or settlement in excess of the policy limits. *Shobe*, 279 SW3d at 210, supra.

Finally, Plaintiff fails to alleged bad faith refusal to settle because Plaintiff alleges a settlement was reached. Plaintiff's allegations establish the settlement was based on the authority Defendant had provided and an agreement by Plaintiff to use its own funds to pay the difference. The whole concept of bad faith failure to settle rests on the insurer's fiduciary duty created by the right to control the defense and settlement of the case. *E.g. Sprint Lumber, Inc. v. Union Ins. Co.*, 627 S.W.3d 96, 118 (Mo.App.W.D. 2021). Defendant had a right to control the defense of the Underlying Lawsuit and the settlement negotiations, which included the right to set a limit on settlement authority, to reject any demands, and to decide to proceed to trial. Should an insurer decide to reject any such demand within the policy limits, the claim of bad faith has been established to hold the insurer liable if the insured is then exposed to a judgment in excess of the policy limits, if the insurer acted in bad faith. *Id*. But that is not what happened here.

Had Plaintiff not agreed to pay the difference between the MFM's authority and the settlement demand, then either negotiations would have continued and a different settlement reached, or the case would have gone to trial. If the case would have proceeded to trial, the judgment may have been within the limits of the Policy, or the judgment could have exceeded the policy limits, in which case, Plaintiff may have been able to maintain a claim for bad faith failure to settle. However, in this case, Plaintiff chose to use its own funds to pay the difference between the amount MFM was offering and the amount the Counterclaimants were demanding.

---

[2] Defendant does not assert the demand was not in the Policy limits, only that Plaintiff failed to plead this element.

7

Therefore, there is no way of knowing whether Plaintiff would have been exposed to an excess judgment if Plaintiff had not voluntarily agreed to use its own funds to pay the difference between the authority and demand. Because Plaintiff voluntarily "agreed to use its own funds" to pay the difference, Plaintiff was not exposed to an excess judgment and Plaintiff cannot maintain a claim for bad faith refusal to settle. Plaintiff's claim for bad faith refusal to settle must be dismissed.

## CONCLUSION

Plaintiff only alleges Defendant breached the insurance policy by failing to defend and that Defendant committed bad faith in refusing to settle. However, as detailed above, the facts alleged in the petition eliminate both claims. Therefore, the Petition should be dismissed.

WHEREFORE, Defendant Midwest Family respectfully requests the Court enter its Order dismissing, with prejudice, all Counts, claims, and allegations made by Plaintiff against Defendant, and thereby dismissing this lawsuit in its entirety., and for such other relief as the Court may deem just and proper.

Dated: 7/28/22                                          Respectfully submitted,

SWANSON BERNARD, LLC

*/s/ Matthew M. Hogan*
Matthew M. Hogan, #49632
4600 Madison Ave, Suite 600
Kansas City, MO 64112
(816)410-4600
(816) 561-4418 – Fax
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th of July, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF, which served the foregoing on all parties of record.

*/s/ Matthew M. Hogan*

8