UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PETS ALONE SANCTUARY OF LINCOLN COUNTY, )<br>)<br>Plaintiff,   )<br>)<br>vs.    )<br>)<br>MIDWEST FAMILY MUTUAL )<br>INSURANCE COMPANY, TRACHSEL, )<br>)<br>Defendant.   ) | Case No. 4:22-cv-00775-PLC |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Pets Alone Sanctuary of Lincoln County ("PALS"), submits the following Memorandum in Opposition to Defendant's Motion to Dismiss.

### ISSUE PRESENTED

Defendant Midwest Family Mutual Insurance Company ("MFM") seeks dismissal of PALS' entire cause of action on the basis that the Petition[1] fails to state a claim upon which relief can be granted. Defendant's Motion and Memorandum in Support, however, are based upon mistakes in both fact and law and should be denied.

PALS asserts that MFM breached duties it owed PALS under an insurance policy ("the Policy," which is Exhibit A to the Petition, Doc. #3) issued by MFM to PALS. Specifically, PALS alleges that MFM failed to provide it with a full and complete defense of certain claims made against PALS and that MFM breached its duty to act in good faith regarding settlement of the claim. Based upon Defendant's Motion, there appears to be no dispute that the Policy applied to

---

[1] PALS originally filed the instant cause of action in the Circuit Court of St. Louis County, Missouri after which MFM removed it to this Court.

1

the claims asserted against PALS and that MFM had a duty to provide a defense to PALS for those claims.

The crux of Plaintiff's claims is that MFM retained the law firm of Evans & Dixon, LLC ("E&D") to defend PALS against certain counterclaims asserted against it in litigation PALS instituted in the Circuit Court of Lincoln County, Missouri. The trial of the counterclaims against PALS was to begin on September 21, 2021. On September 20, 2021, the day before trial was to begin, E&D sent MFM correspondence indicating that defense counsel's analysis of the case had changed and certain evidence "could drastically increase the award of compensatory and punitive damages against PALS in the counterclaims." Approximately five hours later, E&D notified PALS that it believed that certain ethical issues had been implicated and that E&D would seek to withdraw and would no longer serve as counsel for PALS. In other words, less than 12 hours before trial would begin, E&D, MFM's defense counsel, notified PALS, MFM's insured, that E&D no longer intended to try the case (i.e., defend PALS) nor serve as PALS counsel.

On the morning of trial, E&D appeared along with a representative of PALS. As sometimes occurs, last minute inquiries regarding settlement occurred and some settlement discussions were had amongst PALS, E&D, and claimant's counsel. E&D and PALS attempted to contact MFM to discuss settlement negotiations, but MFM did not have an employee with any settlement authority available to speak with them, despite the fact that the case was set for trial that day, and E&D and PALS were advised MFM had "closed" its file.

MFM, being faced with E&D's intention to withdraw along with the assessment that PALS now had significantly increased exposure to both compensatory and punitive damages, paid funds out of its own pocket to resolve the claims that had been asserted against it.

## **BREACH OF THE DUTY TO DEFEND**

2

Admittedly, the fact pattern presented in the instant cause of action does not present the "usual" case of breach of duty to defend by an insurance company. However, as defense counsel retained by MFM, E&D represented both MFM and PALS. *Sanders v. Miss. Cnty.*, 1-18-cv-269-ACL (E.D. Mo. October 1, 2021) at 17 citing *In Re, Allstate Insurance Company*, 722 S.W. 2d 947, 952 (Mo. banc 1987) (citing *Elm v. Inter-Ins. Exch.*, 192 S.W. 2d 417, 420 (Mo. banc 1946). Because E&D represented MFM, E&D was acting as MFM's agent. *Wallace, Saunders, Austin, Brown & Enochs v. Rahm*, 962 S.W. 2d 419, 422 (Mo. App. W.D. 1998) ("an attorney is the agent of his client"). Thus, when E&D refused to take PALS' case to trial and defend PALS, a breach of the duty to defend occurred because E&D was acting on behalf of MFM. If MFM hires lawyers who cannot or will not try the case on behalf of MFM's insureds, has MFM provided a defense under the Policy? The answer is unequivocally no and that is the case PALS faced on September 21, 2021.

## MFM'S BREACH OF ITS DUTY TO ACT IN GOOD FAITH WITH REGARD TO SETTLEMENT OFFERS

MFM contends that PALS claim for bad faith fails for four reasons: (1) PALS was not exposed to a judgment in excess of the Policy limits; (2) MFM did not prohibit PALS from "voluntarily assuming any liability or settling any claim;" (3) PALS did not plead a settlement demand had been made that was within the Policy limits; and (4) a settlement was ultimately reached (with PALS paying the difference between MFM's extremely limited authority and Plaintiff's bottom line settlement demand).

### A. A Judgment in Excess of The Policy Limits is Not Required to Maintain a Bad Faith Action.

MFM's assertion that a judgment or settlement in excess of the Policy limits is required to maintain a bad faith action is simply erroneous. In fact, *Scottsdale Insurance Co. v. Addison*

3

*Insurance Co., Inc.*, 448 S.W. 3d 818 (Mo. 214), a case relied upon by MFM in its Memorandum in support of its Motion to Dismiss explicitly states "an excess judgment *is not required* to maintain an action against an insurer for bad faith refusal to settle." *Scottsdale Insurance Co.*, at 828 (italics added). Thus, the very authority relied upon MFM contradicts its position. The reasoning for this rule is set forth in *Truck Insurance Exchange v. Prairie Framing, LLC,* 162 S.W. 3d 64 (Mo. App. W.D. 2005), a case cited and relied upon by the *Scottsdale Insurance Co.* Court. In *Truck Insurance Exchange*, the Missouri Court of Appeals for the Western District explained the reasoning for this rule.

> Inherent in a policy of insurance is the insurer's obligation to act in good faith regarding settlement of a claim. This obligation is part of what the insured pays for. We find no attraction to a rule that rewards bad faith by relieving the insurer of excess liability if it forces harsh choices onto an insured facing a huge judgment. When the insurer refuses to settle, the insured loses the benefit of an important obligation owed by the insurer. An insurer's "mere payment" of a judgment up to the policy limits does not make the insured whole or put the insured into the same position as if the company had performed its obligations under the policy. (citation omitted).

*Truck Insurance Exchange,* at 93. MFM's failure to act in good faith deprived PALS of a benefit paid for when purchasing the Policy thereby resulting in damage. Thus, a judgment or settlement in excess of the MFM policy limits is not a requirement that PALS has to plead or prove in order to make a submissible case for bad faith and cannot be the basis for a motion to dismiss.

    **B.    MFM's Policy Prohibited Pals From Voluntarily Assuming Liability Or Settling Any Claim.**

MFM contends that it did not prohibit Plaintiff from "voluntarily assuming any liability or settling any claim." In making this argument, MFM overlooks the language of its insurance policy issued to PALS. MFM's policy contains the following provision:

    E.    **Liability And Medical Expenses General Conditions**

*     *     *

4

>    **2.    Duties In The Event Of Occurrence, Offense, Claim Or Suit**
>
>    **d.**    No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

This language constitutes prohibiting the insured from voluntarily assuming any liability without consent and has been interpreted by the Missouri Supreme Court as such. Specifically, the Court, in first recognizing a cause of action for bad faith, stated:

> [W]here the insurer in a liability policy reserves the exclusive right to contest or settle any claim brought against the assured, and *prohibits him from voluntarily assuming any liability or settling any claims without the insurer's consent except at his own cost,* and the provisions of the policy provide that the insurer may compromise or settle such a claim within the policy limits, no action will lie against the insurer for the amount of judgment recovered against the insured in excess of the policy limits, unless the insured is guilty of fraud or bad faith in refusing to settle a claim within the limits of the policy.

*Zumwalt v. Utilities Ins. Co.*, 228 S.W. 2d 750, 753 (Mo. 1950) (italics added). Thus, MFM's own policy language explicitly states the insured may not settle the case without the insured's consent. In other words, PALS could not obligate MFM to make a payment without MFM's consent.

**C.    A Demand Within The Policy Limits Does Not Need To Be Pleaded.**

First, as set forth above, MFM's failure to act in good faith in considering settlement offers resulted in a breach of the Policy and damages, at a minimum, of PALS being deprived of a benefit for which it paid. PALS entered into a contract of insurance and paid a premium for MFM's Policy, which included its duty to act in good faith when engaging in settlement negotiations, which it did not do. Even if not explicitly stated, implicit in Plaintiff's Petition is the fact that it settled the case within the Policy limits as it is seeking damages for money it had to pay out of pocket. Alternatively, if the Court finds that this is a fact that must be included in the Petition, PALS respectfully requests that it be given fourteen days to file an amended pleading making its allegations more specific and definite.

5

### D.     The Fact That A Settlement Was Reached By PALS Does Not Prohibit An Action For Bad Faith.

MFM seems to contend that, because PALS acted in what it thought was its best interest in light of MFM's refusal to participate in any way, shape, or form in settlement negotiations on the day of trial, somehow alleviates MFM from its obligation to act in good faith with regard to its discharge of its obligation under the Policy. However, MFM cites no authority for this proposition. According to E&D, it had reassessed the case and were now advising both MFM and PALS that PALS stood exposed to a significantly increased verdict and, in addition, punitive damages. Based upon the information provided by E&D to PALS, the case was going downhill fast and PALS was soon to be left without counsel in the litigation. MFM now wants to take the position that, because PALS made a decision it thought would limit its potential exposure given the circumstances with which it was presented, it should be let off the hook for its breach of its duty to act in good faith. In other words, MFM forced PALS into a harsh decision when facing a potentially large judgment. Dismissal of PALS claim against MFM for bad faith would essentially relieve MFM of the liability and reward its bad faith. *Truck Insurance Exchange,* at 93.

## CONCLUSION

PALS Petition sufficiently states a claim for breach of contract, including breach of MFM's obligation to provide a defense, act in good faith with regard to settlement offers. As such, this Court should deny Defendant's Motion to Dismiss. In the alternative, should the Court find that there are deficiencies in Plaintiff's Petition, Plaintiff respectfully requests that this Court enter an Order allowing Plaintiff to file an amended pleading and for such other and further relief as the Court may deem just and proper.

SMITH MUELLER, LLC


_____/s/ Michael J. Smith_____
Michael J. Smith                #42973
Tricia J. Mueller               #52884
130 W. Monroe Avenue
St. Louis, Missouri 63122
msmith@smithmueller.com
tmueller@smithmueller.com
(314) 266-6515/Telephone
(888) 586-4255/Fax
*Attorneys for Plaintiff*


**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the above and foregoing was served upon counsel of record via the Court's electronic docket system on the 10th day of August, 2022.


_____/s/ Michael J. Smith_____

7