# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| PETS ALONE SANCTUARY OF LINCOLN COUNTY, | Civil Action No. 4:22-CV-00775-PLC |
| PLAINTIFFS, | *Removed from:* |
| V. | THE CIRCUIT COURT OF ST. LOUIS COUNTY MISSOURI |
| MIDWEST FAMILY MUTUAL INSURANCE COMPANY | CASE NO. 22SL-CC02987 |
| DEFENDANTS. | |

## REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

COMES NOW Defendant Midwest Family Mutual Insurance Company ("MFM"), and in Reply in Support of its Motion to Dismiss hereby submits the following:

## INTRODUCTION

Plaintiff agrees the Petition merely attempts to raise two claims: (1) breach of the duty to defend, and (2) bad faith failure to settle. As stated in Defendant's Motion to Dismiss, although this litigation generally raises several issues, including whether there was even coverage for Plaintiff in regard to the Underlying Suit,[1] we do not reach those issues in this case because the facts asserted and admitted in Plaintiff's Petition, even if all taken as true, (1) fail to assert a claim for breach of the duty to defend, because Plaintiff admits Defendant never withdrew its defense; and (2) fail to assert a claim for bad faith failure to settle because the parties all reached a settlement within the policy limits, in which Plaintiff voluntarily agreed to contribute to the settlement, in addition to the settlement authority provided by MFM.

As detailed in Defendant's Motion, this motion is not a determination of the veracity of the Petition, but whether the allegations state a cause of action upon which relief can be granted.

---

[1] Defendant does not waive its contractual defenses by questioning the sufficiency of Plaintiff's Petition.

1

Therefore, although this case generally has numerous legal issues, the two dispositive and purely legal issues presented in this Motion are:

> (1) Whether an insurer can breach its duty to defend an insured if the insurer never actually withdrew its defense and the retained counsel continues to defend the insured until a settlement is ultimately reached; and
>
> (2) Whether an insured can claim bad faith failure to settle when a settlement was reached that is within the policy limits to which the insured voluntarily agreed to contribute.

Plaintiff has not come forward with any real support for its argument on either issue or to show either claim asserts a recognized cause of action.

## ARGUMENTS

### A. Claim for Breach of Contract

Plaintiff does not dispute it is attempting to assert Defendant breached its duty to defend although Defendant never withdrew its defense, nor does Plaintiff cite any caselaw in any jurisdiction that even suggests an insurer can breach its duty to defend an insured when it has never withdrawn its defense.

Instead, Plaintiff ignores this argument and merely attempts to argue Defendant is vicariously liable for retained counsel's actions due to the tripartite relationship between the insurer, insured, and retained counsel and the agency relationship between a client and the attorney. (Response p. 3). First, none of the cases cited by Plaintiff hold that an insurer can be held liable for the acts of counsel it retains to represent its insured. Furthermore, Plaintiff cannot cite any case making this connection because the two arguments cannot be reconciled. If the tripartite relationship makes the insurer a client, it is a client *in addition* to the insured the

retained counsel was retained to represent. Therefore, if the attorney's actions are automatically imputed to his client merely because of the attorney/client relationship, retained counsel's actions would have been imputed to Plaintiff as well.

In addition to being an unsupported and absurd argument, the argument is also irrelevant because the counsel Defendant retained never actually withdrew. The Petition specifically states the retained counsel "continued to represent and advise PALS during settlement negotiations." (Pet. ¶ 29). Therefore, even if an insurer can breach the duty to defend without withdrawing its defense through the actions of the retained counsel (despite the lack of any law suggesting such), Plaintiff fails to make such claim because Plaintiff specifically alleges retained counsel "continued to represent and advise" it through settlement.

B. **Claim for Bad Faith Failure to Settle**

As Plaintiff points out, Defendant raises various reasons the claim for bad faith should be dismissed. To summarize, the overarching issue regarding Plaintiff's claim for bad faith failure to settle is that Defendant cannot be held liable in excess of the insurance policy through bad faith failure to settle because there was a settlement within the policy limits.

Bad faith failure to settle holds an insurer liable for damages in excess of the policy limits when the insurer had the opportunity to settle within the policy limits, refused to do so in bad faith, and the insured is thereafter exposed to a judgment *or settlement* in excess of the policy limits. *Scottsdale Ins. Co. v. Addison Ins. Co.*, 448 S.W.3d 818, 827 (Mo. 2014), (quoting *Zumwalt v. Utilities Insurance Co.*, 360 Mo. 362, 228 S.W.2d 750, 753 (Mo. 1950), ("where a bad faith refusal to settle action lies, the insurer will be liable 'for the amount of the judgment recovered against the insured in excess of the policy limits'"). Therefore, if there is no judgment or settlement in excess of the insurance policy, there is nothing for bad faith to do.

3

Plaintiff alleges and admits it "agreed to use its own funds to settle the case" (Pet. ¶ 34) by paying the difference between the outstanding demand and the authority provided by Defendant to respond to the demand. (Pet. ¶ 33). Not only was the matter settled through a settlement agreed to by Plaintiff, but such settlement was well within the policy limits of the Policy, as pointed out by Plaintiff. (Response p. 5, stating "implicit in Plaintiff's Petition is the fact that it settled the case within the Policy limits"). Therefore, because bad faith seeks to hold the insurer liable in excess of the policy limits, *supra*, and this matter was settled within the policy limits, Plaintiff cannot maintain an action for bad faith seeking to hold Defendant liable in excess of the policy limits.

While Plaintiff only cites *Scottsdale* in attempt to argue an excess judgment or settlement is not required for bad faith failure to settle, Plaintiff takes a single line of the Opinion out of context. As Plaintiff recognizes, *Scottsdale* states an excess *judgment* is not required for a claim of bad faith, (Response p. 4, citing *Scottsdale*, 448 S.W.3d at 828), but it does not hold neither an excess judgment nor an excess settlement is required. In fact, the holding of *Scottsdale* is that the excess exposure requirement can be satisfied through a judgment *or a settlement*, in certain circumstances, *id.* at 829, not that excess judgment or settlement is not required to hold the insurer liable in excess of the policy limits due to bad faith.

In *Scottsdale*, the insurer refused "numerous" demands within the policy limits and, then, finally tendered the policy limits after the claimant had already withdrawn the demands and made clear it would no longer accept any offer within the policy limits. *Id.* Because the claimant would no longer accept any demand within the policy limits and the insurer had tendered its policy limits, the insured was then exposed in excess of the policy limits even though a judgment had not been entered. *Id.* Therefore, having been left exposed in excess of the policy limits, the

4

insured was able to enter into a settlement in excess of the policy limits and seek such excess from the insurer through a claim for bad faith. *Id.* at 829. Even though the insurer had tendered its policy limits, this did not and could not have relieved the insured of the exposure in excess of the policy limits because there was no longer an opportunity to settle within the policy limits. *Id.*

Here, Plaintiff does not allege there was ever any exposure in excess of the $2 million policy limits. Plaintiff, in fact, admits a settlement was ultimately reached well within the policy limits. (Response p. 5). Furthermore, Plaintiff alleges it voluntarily "agreed to use its own funds to settle the case", in addition to the authority MFM had provided. (Pet. ¶ 34). Therefore, if this Court entered judgment finding Defendant is liable for all damage in excess of the policy limits due to its bad faith in failing to settle, the damages would be $0 because there are no damages in excess of the $2 million policy limits.

Defendant acknowledges Plaintiff agreed to pay a portion of the settlement and is attempting to recover from Defendant that portion it agreed to pay as part of the settlement. However, if Plaintiff can recover the amount it voluntarily paid to bridge the gap between Defendant's authority and the claimant's pending offer, it is not through the theory of bad faith. Therefore, the claim for bad faith must be dismissed.

WHEREFORE, Defendant Midwest Family respectfully requests the Court enter its Order dismissing, with prejudice, all Counts, claims, and allegations made by Plaintiff against Defendant, and thereby dismissing this lawsuit in its entirety., and for such other relief as the Court may deem just and proper.

Dated: 08/19/22                              Respectfully submitted,

                                             SWANSON BERNARD, LLC


                                             */s/ Matthew M. Hogan*_____
                                             Matthew M. Hogan, #49632

5

>4600 Madison Ave, Suite 600
>Kansas City, MO 64112
>(816)410-4600
>(816) 561-4418 – Fax
>*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 19th of August, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF, which served the foregoing on all parties of record.

>  /s/ Matthew M. Hogan_____