UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| PETS ALONE SANCTUARY OF LINCOLN COUNTY, PLAINTIFFS, <br><br> V. <br><br> MIDWEST FAMILY MUTUAL INSURANCE COMPANY <br><br> DEFENDANTS. | Civil Action No. 4:22-CV-00775-PLC <br><br> *Removed from:* <br><br> THE CIRCUIT COURT OF ST. LOUIS COUNTY MISSOURI <br><br> CASE NO. 22SL-CC02987 |

## MOTION FOR EXTENSION OF TIME TO MAKE INITIAL DISCLOSURES

COMES NOW Defendant Midwest Family Mutual Insurance Company ("Midwest Family"), and hereby moves this Court for and extension of time to make its initial disclosures pursuant to Rule 26(a)(1), and in support thereof states:

1. In this lawsuit, removed from Missouri State Court, Plaintiff asserts Defendant, its Insurer, breached its duty to defend and acted in bad faith in failing to settle the lawsuit against it, as further detailed in Defendant's Motion to Dismiss, filed on July 28, 2022 (Doc. 7-8).

2. On July 28, 2022, Defendant filed a Motion to Dismiss Plaintiff's claims, asserting that Plaintiff fails to raise a claim upon which relief can be granted against Defendant because Plaintiff's Petition admits Defendant continued to defend Plaintiff upto the point a settlement was reached and finalized, to which settlement Plaintiff consented.

3. Plaintiff filed its Response on August 10, 2022 (Doc. 10), and Defendant filed its Reply on August 19, 2022 (Doc. 12). This Motion has been fully briefed since that time.

4. Currently, the deadline for the parties to make the initial Rule 26(a)(1) disclosures is November 1, 2022.

5. The initial disclosures of Rule 26(a)(1) require the parties to disclose witnesses and documents or tangible things "the disclosing party may use to support its claims or defenses", as stated in Rule 26.

6. Due to the pending Motion to Dismiss, it has not yet been determined what, if any valid claims Plaintiff has made against Defendant. Therefore, Defendant has not been able to determine what, if any, defenses it will have in this case, not knowing what, if any, claim of Plaintiff may survive the Motion to Dismiss. Therefore, Defendant believes it would be more efficient for the parties to make their initial disclosures after the claims and defenses have been clarified once this Court has made its determination regarding the Motion to Dismiss.

7. Additionally, Defendant is also worried about disclosing confidential information at this point because Plaintiff has asserted the settlement negotiations and results are "confidential". (E.g. Pet. 32, "Roberts, Wieman, and Pruitt ultimately made bottom-line settlement demands in an amount that is confidential pursuant to the terms fo the Settlemetn Agreement . . .").

8. Finally, the unique posture of this case also raises disclsoure issues regarding the attorney/client and insurer/insured privilege. Therefore, such disclosures of normally privilege information should be limited to the such information relevant to the claims or defenses in this case, as determined by this Court in deciding Defendants' Motion to Dismiss.

9. Therefore, Defendant believes it is in the best interests of the Court and the parties to extend the deadline to make initial disclosures until 14 days after the Court rules on Defendant's Motion to Dismiss.

10. Alternatively, if this Court denies this Motion for Extension, Defendant seeks an extension of time of 14 days after such ruling to prepare and make the disclosures.

11. This request is not being made for vexatious reasons or to cause unnecessary delay.

12. Defendant does not believe this request will cause any hardship to Plaintiff.

WHEREFORE, Defendant Midwest Family respectfully requests the Court extend the time for the parties to make their disclosures pursuant to Rule 26(a)(1) up to and including 14 days after this Court enters its ruling on Defendant's Motion to Dismiss, or, alternatively, 14 days after this Court denies this Motion for Extension, and for such other relief as the Court may deem just and proper.

Dated: 11/01/22                                         Respectfully submitted,

SWANSON BERNARD, LLC

*/s/ Matthew M. Hogan*_____
Matthew M. Hogan, #49632
4600 Madison Ave, Suite 600
Kansas City, MO 64112
(816)410-4600 / (816) 561-4418 – Fax
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st of November, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF, which served the foregoing on all parties of record.

   */s/ Matthew M. Hogan*_____