# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| **PETS ALONE SANCTUARY OF LINCOLN COUNTY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 4:22-cv-00775-PLC** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **MIDWEST FAMILY MUTUAL INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM</u>

Plaintiff Pets Alone Sanctuary of Lincoln County ("PALS"), for its Answer to Defendant Midwest Family Mutual Insurance Company's Counterclaim, states as follows:

1. Plaintiff admits the allegations contained in Paragraph 1 of Defendant's Counterclaim.

2. Plaintiff admits the allegations contained in Paragraph 2 of Defendant's Counterclaim.

3. Plaintiff admits the allegations contained in Paragraph 3 of Defendant's Counterclaim.

4. In response to the allegations contained in Paragraph 4 of Defendant's Counterclaim, Plaintiff admits that it alleged that Roberts made numerous defamatory statements including those set forth in Paragraph 4 of Defendant's Counterclaim.

5. In response to the allegations contained in Paragraph 5 of Defendant's Counterclaim, Plaintiff admits that it alleged that Wieman made numerous defamatory statements including those set forth in Paragraph 5 of Defendant's Counterclaim.

6.      In response to the allegations contained in Paragraph 6 of Defendant's Counterclaim, Plaintiff admits that it alleged that Pruitt made numerous defamatory statements including those set forth in Paragraph 6 of Defendant's Counterclaim.

7.      Plaintiff admits the allegations contained in Paragraph 7 of Defendant's Counterclaim.

8.      Plaintiff admits the allegations contained in Paragraph 8 of Defendant's Counterclaim.

9.      Plaintiff admits the allegations contained in Paragraph 9 of Defendant's Counterclaim.

10.     Plaintiff admits the allegations contained in Paragraph 10 of Defendant's Counterclaim.

11.     Plaintiff admits the allegations contained in Paragraph 11 of Defendant's Counterclaim.

12.     Plaintiff admits the allegations contained in Paragraph 12 of Defendant's Counterclaim.

13.     Plaintiff admits the allegations contained in Paragraph 13 of Defendant's Counterclaim.

14.     Plaintiff denies the allegations contained in Paragraph 14 of Defendant's Counterclaim.

15.     In response to the allegations contained in Paragraph 15 of Defendant's Counterclaim, Plaintiff admits the matters set for trial on September 21, 2021 were for claims for abuse of process and malicious prosecution against Defendant.

16.     Plaintiff admits the allegations contained in Paragraph 16 of Defendant's Counterclaim.

17.     Plaintiff admits the allegations contained in Paragraph 17 of Defendant's Counterclaim.

18.     Plaintiff admits the allegations contained in Paragraph 18 of Defendant's Counterclaim.

19.     In response to the allegations contained in Paragraph 19 of Defendant's Counterclaim, Plaintiff admits that Paragraph 19 contains selected text from the MFM policy, but does not contain the entirety of the sections quoted.

20.     In response to the allegations contained in Paragraph 20 of Defendant's Counterclaim, Plaintiff admits that Paragraph 20 contains selected text from the MFM policy, but does not contain the entirety of the sections quoted.

21.     In response to the allegations contained in Paragraph 21 of Defendant's Counterclaim, Plaintiff admits that Paragraph 21 contains selected text from the MFM policy, but does not contain the entirety of the sections quoted.

22.     Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 22 of Defendant's Counterclaim.

23.     Plaintiff admits the allegations contained in Paragraph 23 of Defendant's Counterclaim.

24.     In response to the allegations contained in Paragraph 24 of Defendant's Counterclaim, Plaintiff admits that the Supp ROR advised PALS that abuse of process and civil conspiracy are not listed in the definition of "personal advertising injury."

25.     In response to the allegations contained in Paragraph 25 of Defendant's Counterclaim, Plaintiff admits that Paragraph 25 contains selected text from the MFM policy, but does not contain the entirety of the sections quoted.

26.     Plaintiff admits the allegations contained in Paragraph 26 of Defendant's Counterclaim.

27.     Plaintiff admits the allegations contained in Paragraph 27 of Defendant's Counterclaim.

28.     Plaintiff admits the allegations contained in Paragraph 28 of Defendant's Counterclaim.

29.     Plaintiff admits the allegations contained in Paragraph 29 of Defendant's Counterclaim.

30.     Plaintiff admits the allegations contained in Paragraph 30 of Defendant's Counterclaim.

31.     Plaintiff denies the allegations contained in Paragraph 31 of Defendant's Counterclaim.

32.     Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 32 of Defendant's Counterclaim.

33.     Plaintiff admits the allegations contained in Paragraph 33 of Defendant's Counterclaim.

34.     Plaintiff denies the allegations contained in Paragraph 34 of Defendant's Counterclaim.

35.     Plaintiff denies the allegations contained in Paragraph 35 of Defendant's Counterclaim.

36.     In response to the allegations contained in Paragraph 36 of Defendant's Counterclaim, Plaintiff admits that Paragraph 36 contains selected text from the MFM policy, but does not contain the entirety of the sections quoted.

37.     In response to the allegations contained in Paragraph 37 of Defendant's Counterclaim, Plaintiff admits that Paragraph 37 contains selected text from the MFM policy, but does not contain the entirety of the sections quoted.

38.     Plaintiff admits the allegations contained in Paragraph 38 of Defendant's Counterclaim.

39.     Plaintiff admits the allegations contained in Paragraph 39 of Defendant's Counterclaim.

40.     Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 40 of Defendant's Counterclaim

41.     In response to the allegations contained in Paragraph 41 of Defendant's Counterclaim, Plaintiff admits that Defense Counsel spoke with a PALS board member whose ex-husband took a dog from a neighbor's back yard and took it to PALS where it was cared for, but denies the remaining allegations contained in Paragraph 41 of Defendant's Counterclaim.

42.     Plaintiff denies the allegations contained in Paragraph 42 of Defendant's Counterclaim and further states that neither Defense Counsel nor MFM asked PALS about the information and that PALS attempted to discuss the information with Defense Counsel.

43.     Plaintiff denies the allegations contained in Paragraph 43 of Defendant's Counterclaim.

44.     Plaintiff denies the allegations contained in Paragraph 44 of Defendant's Counterclaim.

45.     Plaintiff denies the allegations contained in Paragraph 45 of Defendant's Counterclaim.

46.     Plaintiff denies the allegations contained in Paragraph 46 of Defendant's Counterclaim.

## COUNT I – BREACH OF CONTRACT

47.     Plaintiff incorporates by reference as if fully set forth herein its answers to the other paragraphs contained in Defendant's Counterclaim.

48.     Plaintiff denies the allegations contained in Paragraph 48 of Defendant's Counterclaim.

49.     Plaintiff denies the allegations contained in Paragraph 49 of Defendant's Counterclaim.

50.     Plaintiff denies the allegations contained in Paragraph 50 of Defendant's Counterclaim.

51.     Plaintiff denies the allegations contained in Paragraph 51 of Defendant's Counterclaim.

52.     Plaintiff denies the allegations contained in Paragraph 52 of Defendant's Counterclaim.

## COUNT II – UNJUST ENRICHMENT

53.     Plaintiff incorporates by reference as if fully set forth herein its answers to the other paragraphs contained in Defendant's Counterclaim.

54.     Plaintiff denies the allegations contained in Paragraph 54 of Defendant's Counterclaim.

55.     Plaintiff denies the allegations contained in Paragraph 55 of Defendant's Counterclaim.

56.     Plaintiff denies the allegations contained in Paragraph 56 of Defendant's Counterclaim.

57.     Plaintiff denies the allegations contained in Paragraph 57 of Defendant's Counterclaim.

## COUNT III – INTENTIONAL MISREPRESENTATION

58.     Plaintiff incorporates by reference as if fully set forth herein its answers to the other paragraphs contained in Defendant's Counterclaim.

59.     Plaintiff denies the allegations contained in Paragraph 59 of Defendant's Counterclaim.

60.     Plaintiff denies the allegations contained in Paragraph 60 of Defendant's Counterclaim.

61.     Plaintiff denies the allegations contained in Paragraph 61 of Defendant's Counterclaim.

62.     Plaintiff denies the allegations contained in Paragraph 62 of Defendant's Counterclaim.

## COUNT III – NEGLIGENT MISREPRESENTATION

63.     Plaintiff incorporates by reference as if fully set forth herein its answers to the other paragraphs contained in Defendant's Counterclaim.

64.     Plaintiff denies the allegations contained in Paragraph 64 of Defendant's Counterclaim.

65.     Plaintiff denies the allegations contained in Paragraph 65 of Defendant's Counterclaim.

66.     Plaintiff denies the allegations contained in Paragraph 66 of Defendant's Counterclaim.

67.     Plaintiff denies each and every allegation contained in Defendant's Counterclaim not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Plaintiff Pets Alone Sanctuary of Lincoln County asserts the following affirmative defenses to all claims contained in Defendant's Counterclaim:

1.      Defendant's Counterclaim fails to state a claim upon which relief can be granted.

2.      Defendant's damages, if any, which Plaintiff denies, were caused in whole or in part by Defendant's comparative fault.

3.      Defendant has waived its right to pursue any actions regarding the alleged breach of the insurance policy and/or Plaintiff's conduct in asserting a claim under the Policy by continuing to pay defense costs and contributing toward the settlement after allegedly learning of information it considered material to the issue of coverage of the insurance policy.

4.      Defendant's claims are barred by the doctrine of estoppel.

**SMITH MUELLER, LLC**

_____ */s/ Michael J. Smith* _____

| | |
|---|---|
| Michael J. Smith | #42973 |
| Tricia J. Mueller | #52884 |

130 W. Monroe Avenue
St. Louis, Missouri 63122
msmith@smithmueller.com
tmueller@smithmueller.com
(314) 266-6515/Telephone
(888) 586-4255/Fax
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the above and foregoing was served upon counsel of record via the Court's electronic docket system on the 12th day of December, 2022.

_____ */s/ Michael J. Smith* _____